<table>
<tr><td>

DISTRICT COURT
EL PASO COUNTY, STATE OF COLORADO
270 S. Tejon Street
Colorado Springs, CO 80903

</td><td>

DATE FILED: October 1, 2019 4:24 PM
FILING ID: 83292EA0CD24A
CASE NUMBER: 2019CV32276

</td></tr>
</table>

| | |
|---|---|
| ABBY HARRELL individually and as parent and natural guardian of ALEXANDER HARRELL and RYEN HARRELL; and STACEY MERCIL, individually<br>**Plaintiffs,**<br><br>v.<br><br>CPLG PROPERTIES LLC d/b/a LA QUINTA INN & SUITES BY WYNDHAM COLORADO SPRINGS SOUTH and ERIN BATISTE<br>**Defendants.** | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiffs:*<br>SANDERS LAW FIRM<br>Justin T. Bailey, #44590<br>Jesse T. Feinsod, #49637<br>31 N. Tejon Street, Suite 400<br>Colorado Springs, CO 80903<br>Phone Number: 719/630-1556<br>FAX Number: 719/630-7004<br>E-mail: Justin@perrysanderslaw.com<br> Jesse@perrysanderslaw.com | Case Number:<br><br><br>Courtroom: |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiffs, by and through counsel, and for their Complaint against the Defendants named herein, state and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. This matter arises as the result of injuries sustained by Plaintiffs Abby Harrell, individually and as parent and natural guardian of Alexander Harrell and Ryen Harrell, and Stacey Mercil, as a result of the actions of Erin Batiste and the inaction and general negligence of La Quinta Inn and Suites by Wyndham Colorado Springs South and its employees on or about May 1, 2019, at the La Quinta by Wyndham Colorado Springs, South, located at 2750 Geyser Drive,

Exhibit A

Colorado Springs, State of Colorado. At the time of the attack, Plaintiffs resided at 2820 W. 91st Avenue, Anchorage, Alaska.

2. Defendant, CPLG Properties LLC, d/b/a La Quinta Inn and Suites by Wyndham Colorado Springs South ("La Quinta"), is a Delaware limited liability company with its principal place of business in Irving, Texas, who at the time of the incident, and at all times pertinent hereto, conducted business at 2750 Geyser Drive, Colorado Springs, El Paso County, State of Colorado, did not maintain proper care and control over its employees and guests, ultimately resulting in assault and battery to Plaintiffs, thereby causing injury to Plaintiffs, when Erin Batiste attacked Plaintiffs, hit Plaintiff's vehicle with Plaintiffs inside the vehicle, and caused damage to Plaintiff's vehicle, in El Paso County, State of Colorado. La Quinta is registered to transact business in Colorado and may be served through its registered agent CSC at 1900 W. Littleton Boulevard, Littleton, Colorado.

3. Defendant, Erin Batiste, is a natural person, whom upon information and belief, is a resident and domiciliary of Colorado Springs, State of Colorado, and at all times pertinent hereto was permitted at La Quinta's hotel located at 2750 Geyser Drive, Colorado Springs, State of Colorado.

4. The acts and omissions complained of herein, which resulted in injury to Plaintiffs, occurred in El Paso County, State of Colorado.

5. This Court has jurisdiction over the parties and subject matter herein.

6. Pursuant to C.R.C.P. 98(c)(1), proper venue for this action will lie El Paso County, the jurisdiction at which Defendant La Quinta conducted business at the time of the incident and the location in which the injury occurred, and the jurisdiction in which Erin Batiste caused injury to Plaintiffs while on La Quinta's premises located at 2750 Geyser Drive, in El Paso County.

## GENERAL ALLEGATIONS

7. Plaintiffs incorporate herein by reference the foregoing Paragraphs 1 through 6 as if fully expressed.

8. Plaintiffs were injured by Erin Batiste while on the La Quinta premises. The La Quinta employees failed to intervene or call police at any time during the assault and battery by Erin Batiste. Defendant Erin Batiste threw eggs, rocks and bleach at and onto Plaintiffs. Defendant Erin Batiste further continued her assault when she continuously and intentionally hit Plaintiffs' vehicle with a stolen Suburban, all while Plaintiffs were experiencing injury and significant fear inside their targeted vehicle. At no time during the attack did any La Quinta employee attempt to stop or slow Defendant Erin Batiste's attack or notify law enforcement. Furthermore, La Quinta knew that Defendant Batiste was a danger at the time of her arrival at the hotel as they had her removed previously.

9.  At the time of the attack, Plaintiffs were lawfully on the subject premises of La Quinta property for the purpose of purchasing a motel room at La Quinta. As such, Plaintiffs were invitees of La Quinta.

10. At the aforesaid time and place, Defendant La Quinta individually and/or by and through its agents, servants and/or employees, had a duty to maintain the aforementioned premises in a reasonably safe manner for persons lawfully on said premises, to include the Plaintiffs herein.

11. At the aforesaid time and place, Defendant La Quinta, as the maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees, acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   A. Improperly operated, managed, maintained and controlled its premises in failing to properly restrict access to known dangerous trespassers on the premises;
   B. Failed to warn the Plaintiffs and other persons lawfully on said premises of the dangerous condition or notify law enforcement when Defendant La Quinta knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiffs;
   C. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiffs and others lawfully on said premises;
   D. Allowed the aforementioned premises to remain in a dangerous condition, making the lobby and passenger loading area unsafe, for an unreasonable length of time; and
   E. Was otherwise careless and negligent in the operation of its premises.

12. As a direct and proximate result of the Defendants' conduct and/or negligence and/or failure to take reasonable care to avoid unreasonable risk to invitees on the premises, the Plaintiffs sustained the injuries, damages, and losses set forth below.

13. As Plaintiffs entered La Quinta, they stood in line awaiting their turn to meet with the front desk attendant. Soon thereafter, Erin Batiste entered the La Quinta lobby and began to yell and cause a commotion. Approximately one week earlier, Defendant Erin Batiste was banned from this La Quinta after she caused a commotion in the lobby, including eating whole salt packets from the breakfast area. Moments after Defendant Erin Batiste entered into the La Quinta lobby, Erin Batiste took a vase from the lobby and proceeded to hit a young girl, who was standing in line, in the head with the vase. La Quinta, by and through its employees, failed to take reasonable steps to protect their invitees upon Defendant Batiste's entry on the premises and when her assault began. Indeed, the agents and employees of La Quinta took no action whatsoever and this inaction resulted in greater harm to Plaintiffs.

14. Once the assault in the lobby occurred, Plaintiffs turned and attempted to leave the lobby. As Plaintiffs were exiting the lobby, proceeding under the awning and passenger pickup area,

Defendant Erin Batiste began to pick up rocks from the La Quinta landscaping and throw them at Plaintiffs. Panicked, Plaintiffs attempted to enter into their car. Defendant Erin Batiste then proceeded to yell to Plaintiffs she was going to her vehicle to get her gun.

15. Defendant Erin Batiste then retrieved bleach and eggs from her stolen vehicle and threw the liquid bleach contents on and at Plaintiff Mercil. After throwing the bleach contents, Defendant Erin Batiste then began throwing the eggs and rocks, hitting the Plaintiff's vehicle. The La Quinta employees still refrained from intervening at any level to attempt to help stop Defendant Erin Batiste's attack onto Plaintiffs.

16. After emptying the bottle of bleach and throwing eggs and rocks at and onto Plaintiffs and their vehicle, Defendant Erin Batiste entered back into her stolen vehicle. Once in the vehicle, Defendant Erin Batiste then maliciously and intentionally drove her vehicle into Plaintiffs' vehicle with Plaintiffs inside. Immediately after ramming the Plaintiff's vehicle, Defendant Erin Batiste backed up and then tried to drive through the awning to hit Plaintiffs' vehicle again. Defendant Erin Batiste was unable to do so, so she drove her vehicle around the building and proceeded to intentionally side swipe Plaintiffs' vehicle, again, while Plaintiffs were inside.

17. Fully aware of the events occurring in the La Quinta lobby and passenger pickup area, the La Quinta employees failed to take any action, notify law enforcement, or make any effort to stop Defendant Erin Batiste's attack on Plaintiffs.

18. Defendants owed a duty to properly act in a prudent and reasonable manner. La Quinta, by and through its agents and employees, did not contact law enforcement, did not provide a secure lobby, permitted a known, dangerous individual to enter the premises, remain at the premises, and otherwise engage in the dangerous behavior which was known to La Quinta, and failed to otherwise provide a place of refuge for the assaulted invitees. Said actions are contrary to those which a reasonably prudent landowner would do and deviate from the standard of care Plaintiffs were entitled to as invitees.

19. Defendants owed a duty to act in a way incumbent upon reasonable persons in the same or similar circumstances.

20. Defendants owed a duty to not attack and make attempts to injure Plaintiffs.

21. Defendant Erin Batiste failed to act in a reasonable and prudent manner when she threw rocks and eggs at Plaintiffs, threw and dumped liquid bleach on Plaintiff Mercil, and when she used her vehicle as a weapon, ultimately ramming Plaintiffs' vehicle multiple times.

22. Defendants failed to act in a reasonably prudent manner by causing or otherwise allowing another to cause harm to Plaintiffs.

23. Plaintiffs' injuries would not have occurred but-for Defendant Erin Batiste's negligence and batteries onto Plaintiffs, and therefore, Defendant's actions are the actual cause of Plaintiffs' injuries.

24. Plaintiffs' injuries are a reasonably foreseeable result of Defendant Erin Batiste's breach of duty, and therefore, Defendant's actions and inactions are the proximate cause of Plaintiffs' injuries.

25. Defendant La Quinta failed to act in a reasonably prudent manner by failing to properly prevent Defendant Erin Batiste from entering the La Quinta facility, calling law enforcement, or intervening in Erin Batiste's attacks whereby Plaintiffs sustained injuries to their persons and vehicle.

26. Defendant La Quinta failed to observe company policies which are intended to prevent such injuries from occurring to patrons.

27. Defendant La Quinta owed a duty to properly provide and maintain a safe, public area in its facility for patrons.

28. Defendant La Quinta owed a duty to intervene, notify law enforcement, and stop any attack on patrons who are being attacked in their facilities.

29. Defendant La Quinta owed a duty to take any reasonable action to prevent injury onto its invitees.

30. Defendant La Quinta failed to act in a reasonably prudent manner by failing to properly restrain banned individuals from entering its facilities and protect its patrons from banned, dangerous individuals.

31. Defendant La Quinta failed to act in a reasonably prudent manner by failing to prevent the banned Erin Batiste from entering their facility and by failing to intervene and stop Defendant Erin Batiste from causing injury onto Plaintiffs.

32. On the day Plaintiffs were attacked, Plaintiffs were invitees of La Quinta at the 2750 Geyser Drive location.

33. Defendant La Quinta failed to preclude entry onto the premises by Defendant Batiste and were unable to contain the banned Defendant Erin Batiste upon her entry onto the premises, which resulted in the attack of Plaintiffs through multiple means. As a result, Defendant caused damage and injury to Plaintiffs' person and vehicle.

34. Plaintiffs required medical attention after the attack from Defendant Erin Batiste. Plaintiff Abby Harrell was pregnant with her unborn daughter at the time of the attack and required medical attention directly thereafter. Due to the stress and injuries resulting from the attack,

Plaintiffs were unable to travel back to their home in Alaska and Plaintiff Abby Harrell had to remain on medical watch throughout the remainder of her pregnancy.

35. Plaintiffs, following the attack, experienced mental fear and anxiety associated with the attack. Furthermore, Plaintiffs experienced added costs and injuries resulting from the attack.

36. In addition to the medical expenses, Plaintiffs also suffered the general loss of enjoyment in the ordinary life activities they engaged in prior to the chase and attack, and experienced substantial stress, inconvenience, and pain immediately following the attack. The pain and mental impacts of the attack have persisted and will continue to persist for the unidentifiable future.

### FIRST CLAIM FOR RELIEF-LANDOWNER'S LIABILITY TO INVITEES UNDER COLORADO REVISED STATUTE §13-21-115
**(against Defendant La Quinta)**

37. Plaintiffs incorporate herein by reference the foregoing paragraphs 1 through 36 as if fully expressed.

38. Plaintiffs were customers transacting business on the subject premises. As such, Plaintiffs were invitees pursuant to Colorado Revised Statute §13-21-115.

39. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers for which they actually know of or should have known. La Quinta not only knew that Defendant Erin Batiste was a dangerous individual, but La Quinta failed to exclude her, despite knowing she was a danger and despite the fact that they had banned her from the premises. Furthermore, La Quinta, through its agents and employees, failed to take any affirmative steps to stop the attack, engage law enforcement, or to check the well-being of Plaintiffs following the attack.

40. Defendant La Quinta is and/or was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiffs and others similarly situated.

41. Defendant La Quinta, unreasonably failed to exercise reasonable care in its allowance of a dangerous person to remain on premises and its agents and/or employees failure to notify law enforcement during instances of unreasonable danger to invitees when a known trespasser posed a threat, and La Quinta is thereby liable to the Plaintiffs for the damages caused by their failure to protect Plaintiffs from a known dangerous condition at the premises.

## SECOND CLAIM FOR RELIEF-NEGLIGENCE
### (Against Defendant La Quinta)

42. Plaintiffs incorporate herein by reference the foregoing paragraphs 1 through 41 as if fully expressed.

43. At the time of the incident, Defendant La Quinta had a duty to maintain its common area as a reasonably prudent individual in like circumstances.

44. Defendant La Quinta breached its duty to maintain a safe common area for invitees thereby causing Plaintiffs' injuries.

45. Plaintiffs' injuries occurred as a direct result of Defendant La Quinta' breach of duty and would not have occurred "but-for" Defendant La Quinta's breach of duty.

46. Plaintiffs' injuries are a reasonably foreseeable result of Defendant La Quinta's breach of duty in failing to maintain their common areas in a safe manner and failure to warn Plaintiffs of any known danger in common areas.

47. Plaintiffs suffered injuries that stem from the accident caused by Defendant La Quinta's actions and omissions.

## THIRD CLAIM OF RELIEF- RESPONDEAT SUPERIOR
### (Against Defendant La Quinta)

48. Plaintiffs incorporate herein by reference the foregoing paragraphs 1 through 47 as it fully expressed.

49. Defendant La Quinta is the employer of the on-duty management and employees who committed the negligent acts set forth herein.

50. At all times pertinent hereto, La Quinta's employees were engaged in the scope of their employment with Defendant La Quinta and were otherwise under the control of Defendant La Quinta. Specifically, La Quinta's employees were engaged in the work which was been assigned to them by their employer, Defendant La Quinta, and/or its employees were engaged in doing what is necessarily incidental to the work which has been assigned to them or which was customary within the business in which Defendant La Quinta is engaged.

51. Pursuant to the doctrine of *respondeat superior,* Defendant La Quinta is vicariously liable to Plaintiffs for the damages, injuries, and losses caused by the negligence of Defendant's employees.

52. As the employer of Defendant employee, Defendant La Quinta has a duty to supervise their employees and an act or omission of their employees while under Defendant La Quinta' supervision is an act or omission of Defendant La Quinta.

53. Defendant La Quinta failed to notify law enforcement when Defendant Erin Batiste entered the La Quinta premises and began her attack on Plaintiffs. La Quinta's employees further deviated from the standard of care owed to Plaintiffs when they allowed a known dangerous person to enter and remain upon the premises.

54. Defendant La Quinta's actions resulted in the harm to the Plaintiffs and were the direct and proximate cause thereof.

55. As a result, the Plaintiffs have suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF- NEGLIGENCE
### (against Defendant Erin Batiste)

56. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 55 as if fully expressed.

57. At the time of the accident, Defendant Erin Batiste, had a duty to act as a reasonably prudent individual in like circumstances.

58. Defendant Erin Batiste breached her duty to act as a reasonably prudent individual thereby causing injury to Plaintiffs.

59. Plaintiffs' injuries occurred as a direct result of Defendant Erin Batiste's breach of duty and would not have occurred "but-for" Defendant Erin Batiste's breach of duty.

60. Plaintiffs' injuries are a reasonably foreseeable result of Defendant Erin Batiste's breach of duty in acting as a reasonably prudent individual.

61. Plaintiffs suffered injuries that stems from the accident caused by Defendant Erin Batiste's actions and omissions.

## FIFTH CLAIM FOR RELIEF-BATTERY
### (against Defendant Erin Batiste)

62. Plaintiffs incorporate herein by reference the foregoing paragraphs 1 through 61 as if fully expressed.

63. Defendant Erin Batiste acted with intent when she caused harmful or offensive contact onto Plaintiffs.

64. At no point during Defendant Erin Batiste's intentional contact onto Plaintiffs did Plaintiff(s) consent to Defendant Erin Batiste's contact.

65. Defendant Erin Batiste's intentional contact onto Plaintiffs was harmful and offensive.

66. Defendant Erin Batiste's harmful and offensive contact onto Plaintiffs caused injury to Plaintiffs.

## DAMAGES

67. Plaintiffs incorporate herein by reference the foregoing paragraphs 1 through 66 as if fully expressed.

68. Plaintiffs have sustained the following damages as a result of the negligence of Defendants and Battery by Defendant Erin Batiste:

   a. Pain, suffering and mental anguish in the past;
   b. Pain, suffering and mental anguish in the future;
   c. Loss of enjoyment of life in the past;
   d. Loss of enjoyment of life in the future;
   e. Medical expenses incurred as a result of the injuries sustained in the attack in the past;
   f. Medical expense to be incurred in the future for treatment of injuries related to the attack;
   g. Past economic loss as a result of the inability to perform daily duties and general responsibilities; and
   h. Future economic loss as a result of the inability to perform daily duties and general responsibilities.

69. In addition, Plaintiffs are entitled to costs of court expended herein, including any deposition expense and expert witness fees.

70. Plaintiffs also request that the court award interest on the judgment, at the highest lawful rate, both before and after the judgment is entered.

71. Plaintiffs further request any and all relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues herein.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendants for damages as set out above, along with costs of court.

Respectfully submitted this 1st day of October 2019.

SANDERS LAW FIRM
*(A duly signed original is on file at*
*Sanders Law Firm*


*s/ Jesse T. Feinsod*
JESSE T. FEINSOD, # 49637
JUSTIN T. BAILEY, #44590